IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EnHomee-Direct,** | |
| Plaintiff, | **Case No. 1:25-cv-03324** |
| v. | **JURY TRIAL DEMANDED** |
| **Dbest Products Inc.,** | |
| Defendant. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff EnHomee-Direct ("Plaintiff") brings this complaint against Dbest Products Inc. ("Defendant"), a California corporation, and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*. and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Specifically, Plaintiff requests this relief because Defendant recently accused Plaintiff of patent infringement. Plaintiff and Defendant both sell products through Amazon.com. Defendant recently filed a complaint with Amazon against Plaintiff, alleging that Plaintiff's stackable storage bins ("Non-Infringing Product") infringe U.S. Patent No. 12,103,576 ("the '576 Patent") (Attached as Exhibit 1). Plaintiff received notice regarding this complaint on or around November 22, 2024 (Attached as Exhibit 2). Under Amazon's intellectual property notice program, Amazon will remove product listings from its marketplace if an individual or entity submits a report alleging that a product's listings infringe its intellectual property rights and Plaintiff cannot resolve

the claim with the patent owner (*i.e.*, Dbest Products). The parties are unable to reach a compromise.

3. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Plaintiff, by its manufacture, use, offer for sale, sale, and/or import of its Non-Infringing Product has not infringed, or otherwise violated the patent or other intellectual property rights of Defendant under U.S. or applicable state law.

4. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Plaintiff does not infringe the Defendant's patent.

5. Defendant's intended assertion of claims of patent infringement based on Plaintiff products has threatened Plaintiff's business, and has created a present, genuine, and justiciable controversy between Plaintiff and Defendant. For these reasons, and as alleged more particularly herein, Plaintiff brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that Plaintiff does not infringe the Defendant's patent.

## THE PARTIES

6. Plaintiff, EnHomee-Direct is a private Chinese company.

7. Upon information and belief, Defendant is a California corporation and does business in all 50 of the United States, including Illinois. Upon information and belief, Defendant's principal place of business is 16506 South Avalon Boulevard, Carson, CA 90746.

8. Upon information and belief, and based on contentions by Defendant in its complaint filed with Amazon, Defendant claims to own the '576 Patent by assignment.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331,

1338, 2201, and 2202.

10. The Court also has supplemental jurisdiction over this action under 28 U.S.C. § 1367(a).

11. This Court has personal jurisdiction over the parties, and venue in this judicial district is proper under 28 U.S.C. §§ 1391 and/or 1400. This Court has personal jurisdiction over Defendant since, on information and belief, Defendant directly targets business activities toward customers in all 50 of the United States, including Illinois, through at least the fully interactive e-commerce storefronts on Amazon.com and website, www.dbest-products.com. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offering to ship to the United States, including Illinois, accepting payment in U.S. dollar and, on information and belief, has sold products to residents in Illinois. In addition, Defendant has directed its patent assertion campaign at Plaintiff among others by, inter alia, seeking to enjoin Plaintiff's business by reporting Plaintiff as an alleged infringer of the '576 Patent through a private, third-party tribunal (discussed below), impacting Plaintiff's business in the United States, including Illinois. This process carries significant legal and business consequences to Plaintiff based on Defendant's allegations that Plaintiff has infringed the '576 Patent by making, using, selling, offering to sell, and/or importing allegedly infringing goods in, from, and into the state of Illinois.

**FACTUAL BACKGROUND**

12. On December 20, 2011, the United States Patent and Trademark Office issued the '576 Patent.

13. Defendant purports to own the right, title, and interest in the '576 Patent by assignment, including the right to license, sell, and enforce the '576 Patent.

3

14. On or around November 22, 2024, Defendant reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action ("Amazon Complaint") against Plaintiff to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business. Attached hereto as Exhibit 2 is a true and correct copy of the notification of the Amazon Complaint sent to Plaintiff.

15. That same date, in response to Defendant's Amazon Complaint, the Amazon marketplace notified Plaintiff that its Non-Infringing Products were removed under the pretext that the ASIN-in-question may infringe the '576 Patent if Plaintiff is unable to resolve the claim directly with Defendant, or if Defendant does not challenge the infringement claim in court.

16. Unless a declaratory judgment complaint is filed and a court order granting relief sought herein, the Amazon marketplace will not reinstate Plaintiff's Non-Infringing Products consisting of at least ASINs: B0D5GLW28J, B0C9HR5TV8, B0D5H82G84, B0D5GWG15M, B0CZQJP2D8, B0CCV4KXVD, B0D5GTR56Q, B0D5H398CY, B0CZQK9DT8, and B0C8SZRT9K attacked by Defendant under the pretext that the ASINs may infringe the '576 Patent.

17. Defendant's course of conduct is not warranted under law, has anticompetitive effects on the market, and restrains Plaintiff's ability to compete fairly.

18. Plaintiff has at all times acted in good faith with respect to Defendant's alleged patent rights. Plaintiff's Non-Infringing Products do not infringe the '576 Patent because none of the Non-Infringing Products possess all the elements and limitations of any claim of the '576 Patent.

**COUNT I**
**DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT**
**(U.S. PATENT NO. 12,103,576 )**

19. Plaintiff restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

20. Defendant has contended that Plaintiff's Non-Infringing Products infringe at least one claim of the '576 Patent.

21. Plaintiff does not infringe any valid and enforceable claim of the '576 patent, either directly or indirectly, literally or under the doctrine of equivalents, via Plaintiff's manufacture, use, offer for sale, sale, and/or import of the Non-Infringing Products.

22. Plaintiff has never manufactured, used, offered for sale, sold, or imported any products or services that infringe any valid and enforceable claim of the '576 patent.

23. Under U.S. patent law, infringement occurs when a product, process, or method either (1) literally meets each and every limitation of a patent claim or (2) falls under the doctrine of equivalents, meaning it performs substantially the same function in substantially the same way to yield substantially the same result as a claimed invention (*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 1997). Literal infringement requires that every claim limitation be found in the accused product, whereas infringement under the doctrine of equivalents applies only if an element in the accused product is insubstantially different from a claim limitation.

24. The '576 patent recites 3 independent claims 1, 11 and 15. The product Plaintiff sells on Amazon lacks at least one element of each of these claims. A claim chart that compares Plaintiff's product with the elements of claims 1, 11, and 15 in the accused '576 patent is attached hereby as Exhibit 3. In each of the charts, it is clear that the product lacks the highlighted element(s) and therefore does not infringe the patent.

25. Plaintiff's Non-Infringing Products do not meet all limitations of claim 1, at least because they do not include a first track and a first slidable member and hence lack the "a first track" limitation. There is no track that is formed along the first and second right panels, and most

certainly, there is no slidable member whatsoever in the accused product.

26. Plaintiff's Non-Infringing Products do not meet all limitations of claim 11, at least because (i) they do not include a ribbed wall; and (ii) there is no lock assembly present in the accused product that integrates the locking mechanism between the first and second right panels such that the first and second right panels are secured to each other.

27. Plaintiff's Non-Infringing Products do not meet all limitations of claim 15, at least because (i) there is no lock assembly present in the accused product that integrates the locking mechanism between the first and second right panels such that the first and second right panels are secured to each other; (ii) none of the wheel assemblies have a vertical axis; (iii) the top cover is placed separately from the folded cabinet and is never fixed to the cabinet when it is in the folded position; and (iv) the top cover of the product box has no indentation pattern and when the cabinet is stacked, the bottom cabinet has no top cover, and after all the cabinets are stacked, only the top cabinet has a top cover.

28. Based on the detailed claim chart analysis above, Plaintiff's Non-Infringing Products do not infringe claims 1, 11, or 15 of the '576 patent. Each of these independent claims requires specific structural elements and functional relationships that are absent in the accused product. Notably:

(1) The accused product does not include a track and slidable member for locking the panels together.

(2) The accused product secures the panels using magnets that attract metal screws rather than an integrated lock assembly, failing to meet the locking mechanism limitations in claims 11 and 15.

(3) The wheel assembly of the accused product lacks a vertical axis, as required by claim

6

15.

(4) The accused product's top cover lacks an indentation pattern and does not securely fit when folded, as required by claim 15.

29. Because the accused product lacks at least one required element in each independent claim, it cannot infringe the '576 patent under the doctrine of literal infringement. Furthermore, given the substantial differences in structure and function, infringement under the doctrine of equivalents is also highly unlikely.

30. There exists a present, genuine, and justiciable controversy between Plaintiff and Defendant warranting issuance of a declaration by the Court that no valid and enforceable claim of the '576 patent has been infringed, directly or indirectly, literally or under the doctrine of equivalents, by Plaintiff or its customers, including through their manufacture, use, offer for sale, sale, and/or import of the Plaintiff's Non-Infringing Products.

31. Defendant's allegations of infringement of the '576 patent are baseless and exceptional, thus warranting an award of Plaintiff's attorneys' fees under 35 U.S.C. § 285.

## CLAIM II
## TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

32. Plaintiff restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

33. Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

34. Plaintiff also has a contractual relationship with Amazon.

35. Defendant knew of Plaintiff's business and contractual relationship with Amazon.

36. Defendant intentionally and improperly interfered with Plaintiff's advantageous

7

and contractual relationship with Amazon by wrongfully complaining, in writing, to Amazon that Plaintiff was selling infringing products.

37. Defendant's conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon.

38. Defendant intended to cause Amazon to suspend Plaintiff's ability to sell the Non-Infringing Products on Amazon and, therefore, interfered with the contractual and business relationship between Amazon and Plaintiff.

39. Defendant had actual knowledge that its actions would cause Amazon to suspend Plaintiff's listings and the ability to sell the Non-Infringing Products on Amazon.

40. Defendant's accusations were false and were made maliciously and with ill will.

41. Plaintiff has been damaged by the suspension of these listings by losing revenue related to the suspended listings.

42. Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

43. Plaintiff has suffered injury and, unless Plaintiff is enjoined from further such activity, will continue to suffer injury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. Declaratory judgment that the '576 Patent is not infringed by Plaintiff.

2. An injunction against Defendant and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them ("enjoined parties") as follows:

    A. Restraining and enjoining, preliminarily and permanently, any assertion of the Patent-in-Suit against Plaintiff; and

    B. Requiring that Defendant provide written notice of the injunction to all

enjoined parties.

3. Judgment that this case is exceptional under 35 U.S.C. § 285 due to the Defendant's anticompetitive actions aimed at eliminating a competitor's product by falsely claiming that the Non-Infringing Products infringe, despite them not actually infringing.

4. Judgment awarding Plaintiff of its damages for Defendant's tortious interference with the contract and relationship between Plaintiff and Amazon.

5. Judgment awarding Plaintiff its attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

6. That Defendant be ordered to pay Plaintiff pre-judgment interest on all sums awarded.

7. That Plaintiff be awarded punitive damages for Defendant's tortious conduct.

8. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated: March 28, 2025                                        Respectfully submitted,

*/s/ Liping Peng*
Liping Peng
TZZ Law
99 Park Avenue, Suite 1100,
New York, NY 10016
tzzlawip@gmail.com

*ATTORNEY FOR PLAINTIFF*